[Civ. No. 6463.  First Appellate District, Division Two.—March 8, 1929.]

CLARENCE A. BROWN et al., Appellants, v. MICHAEL ALPHONSO DE CARLO, Respondent.

R. H. Countryman for Appellants.

C. Leonard Rosenberg for Respondent.

KOFORD, P. J.—Plaintiffs sought by this action to obtain a judgment of $450 as real estate broker's commission. Judgment was in favor of defendant. The respondent pleaded in his answer among other affirmative defenses that the sale alleged to have been made by appellant was a "wash sale," but the trial court omitted making separate findings upon these affirmative allegations. It found that respondent had not signified his approval of the said alleged sale in writing as alleged in the complaint; that the appellants did not consummate a sale of the property; did not perform the contract by which the property was listed with them; did not produce a purchaser, and did not obtain a valid and binding contract from their alleged purchaser. Appellants argue several points of law in their briefs, but their attack upon the judgment is in reality a claim that the evidence is insufficient to support the court's findings.

Our examination of the evidence convinces us that the court's findings are sufficiently supported by the evidence. Respondent in writing authorized appellants to list and sell certain property and agreed to pay a commission should appellants "succeed in selling it." The authorization concluded with the following: "I understand that this is not an exclusive contract for thirty days." It was dated September 6, 1926. The authorization was not of the kind that could not be revoked. It had neither time limit nor consideration. After the lapse of about two weeks or more the respondent notified appellants that at 6 o'clock P. M. of September 25th, the authorization to sell upon the terms therein detailed would expire. Thereafter and at 8 o'clock P. M. on the said twenty-fifth day of September the appellants came to the respondent and told him that they had

succeeded in selling the property. Respondent accepted their statement and indorsed his approval upon a document presented to him by appellants and which purported to be an agreement of purchase signed by the alleged purchaser. This document consisted of a receipt signed by appellants acknowledging the receipt of $50 from J. C. James as a deposit and part payment upon the purchase of respondent's property which he had listed with appellants. Below this receipt was the indorsement: "I hereby agree to purchase the above described property . . . on the terms . . . specified. . . . In the event of my failure to comply with the terms of this contract the agent may retain the said deposit and all my rights hereunder shall terminate." To this document the name of the alleged purchaser, J. C. James, had been written by N. C. Hart. The said Hart had no written authorization to sign James' name to the document, although James testified at the trial that he had authorized Hart to put up the deposit for him and told him over the telephone to go ahead and buy it. Hart was a real estate salesman in another office. James appears from the testimony to have been a client of Hart's real estate office. Three days thereafter respondent, in pursuance of a previous verbal promise, agreed in writing to pay ten per cent commission instead of five per cent. Finally respondent repudiated the entire transaction. A week or more after this James assigned whatever interest he had to a man named Ulrich, and a tender of a prepared deed from respondent to said Ulrich was made, but respondent refused to consummate a sale to said Ulrich.

■ The foregoing evidence is sufficient to warrant the conclusion that the appellants had not performed the broker's contract within the time given them. The name of James signed by Hart upon the purported agreement of sale did not make a valid and enforceable agreement or offer by James to buy the property because Hart was not authorized in writing to sign James' name. (Civ. Code, sec. 2309.) Because it was not a valid agreement or offer of James to buy the property, respondents' written approval of the said purported sale did not make a contract of sale and purchase. Respondents' said act was nothing more than a waiver of the fact that the purported agreement to buy was procured two hours late. ■ If it should be considered as a renewed offer on the part of respondent to sell,

then this renewed offer was withdrawn when, as stated above, respondent repudiated the entire transaction. If it should be conceded that when James assigned his interest to Ulrich he thereby legally ratified the signing of his name by Hart, such ratification came too late because that was a week after respondent had repudiated the entire transaction and thereby withdrew his renewed offer, if indeed, it can be considered that any such renewed offer was made.

Of course, it follows that Ulrich's ultimate tender was of no avail. There was at that time no contract in existence by which he had any right to buy the property and there was no agency then outstanding by which appellants could earn a commission by producing a purchaser at that late date. The time had expired when appellants were notified by respondent that their agency had ceased. That was before the assignment to Ulrich was made by James and, of course, before Ulrich made his tender.

It is also claimed that respondent is precluded from questioning the genuineness of the alleged purchaser and of the claimed contract of sale by reason of the fact that he indorsed his approval upon the document to which the name of James was thus signed. It is stated that after the seller enters into a valid contract of sale with the purchaser procured by the real estate broker the latter's commission is not thereafter dependent upon the performance of said contract by the purchaser. The trial court, however, expressly found untrue the allegation that respondent ratified and approved the alleged sale. This finding is well supported by the evidence which, as we have pointed out, shows that no contract of sale and purchase was ever entered into between seller and buyer and no valid offer was obtained from James.

It is ordered that the judgment appealed from be and the same is hereby affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 5, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 6, 1929.

All the Justices present concurred.